UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD A. STAINBROOK,

        Plaintiff,                            Case No. 6:13-cv-01624-ST

      v.                                   **FINDINGS AND RECOMMENDATION**

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**STEWART, Magistrate Judge:**

        Plaintiff, Richard Stainbrook ("Stainbrook"), seeks to reverse and remand the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This court has jurisdiction under 42 USC § 405(g) and § 1383(c). The Commissioner concedes that this matter should be reversed and remanded, but only for further administrative

proceedings. However, this court recommends that the Commissioner's decision should be reversed and remanded for the immediate payment of benefits.

## ADMINISTRATIVE HISTORY

Stainbrook filed an application for DIB on November 17, 2009, alleging disability as of that date due to a number of conditions including severe chronic lower back pain, lumbosacral spondylosis without myelopathy, farcet syndrome lumber level bilaterally, diffuse myofascial pain syndrome, depression, and obesity. Tr. 266-73, 344.[1] After the Commissioner denied his application initially and upon reconsideration (Tr. 156-76, 179-83), Stainbrook requested a hearing (Tr. 185-85) which was held on February 6, 2012. Tr. 105-55. A supplemental hearing was held on June 1, 2012. Tr. 44-104. On June 7, 2012, Administrative Law Judge ("ALJ") Rudolph Murgo issued a decision finding Stainbrook not disabled. Tr. 22-43. The Appeals Council denied Stainbrook's subsequent request for review on August 29, 2013 (Tr. 1-6). Therefore, the ALJ's decision is the Commissioner's final decision subject to review by this court. 20 CFR §§ 404.981, 422.210.

## BACKGROUND

Born in 1960, Stainbrook was 49 years old on the alleged onset date. Tr. 266. He graduated from high school, and completed six months of college. Tr. 110. Stainbrook has past work experience as a sales representative for a portable sanitation company. Tr. 113, 333. Stainbrook stopped working in April, 2009, when he was laid off. Tr. 114, 329.

## DISABILITY ANALYSIS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

---

[1] Citations are to the page(s) indicated in the official transcript of the record filed on March 6, 2014 (dockets #13 & #14).

Page 2 – FINDINGS AND RECOMMENDATION

months[.]" 42 USC § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 CFR § 404.1520; *Tackett v. Apfel*, 180 F3d 1094, 1098-99 (9th Cir 1999).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If so, the claimant is not disabled. 20 CFR § 404.1520(a)(4)(i) & (b).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the 12-month durational requirement. 20 CFR § 404.1520(a)(4)(ii) & (c). Absent a severe impairment, the claimant is not disabled. *Id*.

At step three, the ALJ determines whether the severe impairment meets or equals an impairment "listed" in the regulations. 20 CFR § 404.1520(a)(4)(iii) & (d); 20 CFR Pt. 404, Subpt. P, App. 1 (Listing of Impairments). If the impairment is determined to meet or equal a listed impairment, then the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite the limitations imposed by his or her impairments. 20 CFR § 404.1520(e); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).

At step four, the ALJ uses the RFC to determine if the claimant can perform past relevant work. 20 CFR § 404.1520(a)(4)(iv) & (e). If the claimant cannot perform past relevant work, then at step five, the ALJ must determine if the claimant can perform other work in the national economy. *Bowen v. Yuckert*, 482 US 137, 142 (1987); *Tackett*, 180 F3d at 1099; 20 CFR § 404.1520(a)(4)(v) & (g).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F3d at 1098. If the process reaches step five, the burden shifts to the Commissioner to show that jobs exist in the national economy within the claimant's RFC. *Id*. If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR § 404.1520(a)(4)(v) & (g).

## ALJ'S FINDINGS

At step one, the ALJ found that Stainbrook had not engaged in substantial gainful activity after the alleged onset date of November 17, 2009. Tr. 27. At step two, the ALJ found that Stainbrook's degenerative disc disease of the lumbosacral spine with subjective chronic low back pain was a severe impairment. *Id*. At step three, the ALJ found that Stainbrook did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 29-31.

The ALJ next assessed Stainbrook's RFC and determined that he could perform light work with the following limitations: he can sit, stand, and walk up to six hours in a normal eight-hour workday with normal breaks; he can frequently balance; he can occasionally climb stairs, ramps, ropes, ladders and scaffolding; he can occasionally stoop, kneel, crouch, and crawl; and he is limited to performing simple, routine work. Tr. 31. At step four, the ALJ found Stainbrook could not perform any of his past relevant work. Tr. 34. At step five, based on the testimony of a vocational expert ("VE"), the ALJ determined that Stainbrook could perform jobs that exist in significant numbers in the national economy, including small products assembler, electronics worker, and surveillance systems monitor. Tr. 35-36. The ALJ therefore concluded that Stainbrook is not disabled. Tr. 36.

///

///

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 USC § 405(g); *Lewis v. Astrue*, 498 F3d 909, 911 (9th Cir 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F3d 1028, 1035 (9th Cir 2007), citing *Reddick v. Chater*, 157 F3d 715, 720 (9th Cir 1998). The reviewing court may not substitute its judgment for that of the Commissioner. *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F3d 1194, 1205 (9th Cir 2008), citing *Parra v. Astrue*, 481 F3d 742, 746 (9th Cir 2007); *see also Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "'supported by inferences reasonably drawn from the record.'" *Tommasetti v. Astrue*, 533 F3d 1035, 1038 (9th Cir 2008), quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F3d 1190, 1193 (9th Cir 2004); *see also Lingenfelter*, 504 F3d at 1035.

**DISCUSSION**

Stainbrook argues that the ALJ erred by: (1) improperly evaluating the opinion of his treating physician; (2) rejecting the lay testimony; and (3) finding him to be less than fully credible. The Commissioner agrees that the ALJ erred with respect to the treating physician's opinion and Stainbrook's credibility, but disagrees that benefits should be awarded as a result.

**I.    Opinion of Treating Physician**

On May 4, 2012, after the first hearing, Stainbrook's treating physician, Melissa B. Weimer, D.O., performed a disability evaluation. Tr. 1423-28. Based on her examination and review of the medical records, she assessed Steinbrook with chronic non-malignant pain from myofascial and mechanical low back pain, worse at the L5-S1 region, complicated by physical

deconditioning; and signs of poor circulation in both feet. Tr. 1427-28. On May 15, 2012, she completed a Medical Source Statement detailing Stainbrook's ability to perform work. Tr. 1392-96. She wrote that Stainbrook would need unscheduled rest breaks of 30-60 minutes each three to four times during an eight-hour workday (Tr. 1392-93) and would need to miss work at least four days per month due to his conditions. Tr. 1396.

The ALJ gave this opinion "little weight, finding it is simply not consistent with or supported by the medical evidence of record, including her own records in [*sic*] which only reflect the diagnosis of neuropathic pain because her own medical signs, clinical findings and imaging reflect his actual degenerative disc disease is mild." Tr. 34.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F3d 1155, 1164 (9th Cir 2008). The opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a non-examining physician. *Lester v. Chater*, 81 F3d 821, 830 (9th Cir 1995). An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F2d 1391, 1396 (9th Cir 1991). In contrast, if the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F3d at 830. An ALJ may also discount a medical source's opinion that is inconsistent with the source's other findings. *Bayliss v. Barnhart*, 427 F3d 1211, 1216 (9th Cir 2005).

The Commissioner concedes that the ALJ did not expressly discuss Dr. Weimer's May 2012 medical evaluation and erroneously stated that her records reflected only the diagnosis of neuropathic pain. Nonetheless, the Commissioner argues that the ALJ gave at least one

sufficient reason to discount Dr. Weimer's opinion. Although Dr. Weimer stated that Stainbrook's medication side effects consisted of drowsiness, constipation and physical dependence (Tr. 1394), Stainbrook repeatedly denied such side effects. The problem with the Commissioner's position is that the ALJ did not discount Dr. Weimer's opinion based on the side effects of medications. Therefore, that reason may not be considered on review. *Garrison v. Colvin*, 2014 WL 3397218, at *11 (9th Cir July 14, 2014). And even if the ALJ had given that reason, it must be rejected because Dr. Weimer did not base her functional assessment on any medication side effects. Tr. 1394.

The Commissioner also argues that the record contains conflicting medical evidence, citing assessments by an examining physician and two non-examining physicians. But "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir 2007). The ALJ did not identify any divergent independent clinical findings by the examining physician. Accordingly, the opinion of Dr. Weimer is entitled to controlling weight.

In sum, the ALJ erred by failing to provide any clear or convincing reasons to reject Dr. Weimer's May 2012 opinion that Stainbrook needs extra rest breaks and would miss work at least four days of work per month.

## II.    Lay Testimony

Stainbrook's former co-worker, Cecil Peacock ("Peacock"), completed a Third-Party Function Report and testified at the February 6, 2012 hearing. Tr. 138-44, 370-77. Peacock testified that he had known Stainbrook for seven or eight years and that Stainbrook has good and bad days with respect to his physical functionality, depending on how much pain he is in.

Tr. 143, 375-76.  The ALJ found Peacock's testimony to be "generally credible in as much as he is merely reporting his observations of the behaviors demonstrated by" Stainbrook.  Tr. 33.  However, he gave Peacock's opinion "little evidentiary value" because he did not quantify the number and frequency of Stainbrook's good and bad days.  *Id.*.  Stainbrook contests this finding.

The ALJ must consider lay witness testimony and provide "germane reasons" when rejecting such testimony.  20 CFR § 404 1513(d); *Molina v. Astrue*, 674 F3d 1104, 1114 (9th Cir 2012).  Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence, and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant.  *Bayliss,* 427 F3d at 1218; *Williams v. Astrue*, 493 Fed App'x 866, 3 (9th Cir 2012).

Peacock's observations fully support Stainbrook's need for extra rest breaks and absences.  Yet the ALJ rejected them, not as inconsistent with the medical evidence or as merely repeating the discredited testimony of Stainbrook, but as too "generic" and insufficiently specific.  This rationale ignores the ALJ's duty to fairly develop the record.  20 CFR § 404.900(b).  If the ALJ needed further detail, he could and should have asked additional questions of Peacock at the first hearing or asked him to testify again at the second hearing, but did not do so.  In fact, the Commissioner does not refute Stainbrook's argument that the ALJ failed to give a germane reason for rejecting Peacock's testimony.

### III.    Credibility

At the February 6, 2012 hearing, Stainbrook explained that he could not "give an employer the 40 hours a week that he would require" due to his back pain.  Tr. 116.  He was taking morphine, hydrocodone, Neurontin and Nortriptyline.  Tr. 116-17.  He could walk three or four blocks (Tr. 117), but sit for only 15 to 30 minutes.  Tr. 119.  He had been working part-time

in a landscaping, yard care and maintenance ministry. Tr. 125-27. On a good day, he could walk the dogs, help around the house, and maybe go rake some leaves or mow a yard with a self-propelled mower. Tr. 133. He can spend 10 minutes loading the dishwasher or laundry, and then sit down for a break. *Id*. He assisted with the ministry maintenance work one to three times a week for about two to three hours, depending on the season. Tr. 134. He would have to stop, take breaks and stretch, and could not do it fast. *Id*. Some days he was not able to go because of his back and impaired leg strength. *Id*.

The ALJ found Stainbrook's statements "concerning the intensity, persistence and limiting effects of his symptoms not credible." Tr. 32. Stainbrook challenges this finding. The Commissioner concedes that a remand is necessary for the ALJ to reassess Stainbrook's credibility by taking into account Dr. Weimer's opinion and Peacock's testimony.

The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F3d 586, 591 (9th Cir 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F3d at 1036. Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id*, quoting *Smolen v. Chater*, 80 F3d 1273, 1281 (9th Cir 1996). The ALJ's overall credibility determination may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *Batson v. Comm'r*, 359 F3d 1190, 1197 (9th Cir 2004).

Page 9 – FINDINGS AND RECOMMENDATION

Given the lack of any evidence of malingering, the ALJ was required to give clear and convincing reasons to reject Stainbrook's testimony.  As the first reason, the ALJ stated that Stainbrook exhibited "far greater and independent functioning" than he alleged.  Tr. 32.  Activities that are inconsistent with alleged symptoms are a relevant credibility consideration.  *Rollins v. Massanari*, 261 F3d 853, 857 (9th Cir 2001).  The ALJ noted that as late as February 24, 2012, Stainbrook reported "busily working to fix his home and other people's homes after the flood in Salem" and  "lifting heavy objects, redoing duct work and removing wet carpet, as well as 'still looking for work.'"  Tr. 1400.  Further, an examining physician, Maria Armstrong-Murphy, M.D., found in February, 2012, that Stainbrook was "independent with executive functioning, showering, dressing, meal preparation, laundry, and driving short distances," and could independently care for his nine year-old child.  Tr. 1377.  However, the record also shows that Stainbrook needs frequent breaks after working (Tr. 1423 (he "recently worked for 20 minutes before having to take a 30-minute break")), and reported experiencing pain at a level of 10 out of 10 in February 2012, despite consuming "8 tabs of Vicodin per day." Tr. 1400.  This evidence is generally consistent with Stainbrook's testimony that he has both good and bad days with respect to his back pain and associated limitations.  Thus, the ALJ's first reason for rejecting Stainbrook's testimony is not clear and convincing.

Second, the ALJ determined that the clinical findings in the record did not support Stainbrook's alleged pain symptoms and limitations.  Tr. 32.  Minimal objective findings can undermine a claimant's credibility when other reasons are present.  *Burch v. Barnhart,* 400 F3d 676, 680-81 (9th Cir 2005).  As discussed above, the ALJ failed to consider the entire medical record, specifically Dr. Weimer's May 2012 opinion.  Thus, the ALJ's second reason for rejecting Stainbrook's testimony was not clear and convincing.

Third, the ALJ noted that Stainbrook "did not stop working because of his back or mental health," but was laid off in April 2009, seven months before he allegedly became disabled in November 2009. Tr. 32. The ALJ may disregard subjective pain testimony where the claimant stopped work due to reasons other than the alleged disability. *Bruton v. Massanari*, 268 F3d 824, 828 (9th Cir 2001) (finding that the ALJ properly rejected testimony of claimant who left his job because he was laid off). However, Stainbrook did not claim that he was disabled when he stopped working, and the ALJ failed to note that Stainbrook had been concerned about his ability to keep up at work prior to being let go. Tr. 319-20.

In sum, the ALJ failed to provide clear and convincing reasons to discredit Stainbrook.

## IV.  Other Arguments

Stainbrook makes several other arguments as to errors committed by the ALJ. However, for the reasons discussed below to remand for an award of benefits, the other arguments needs not be addressed.

## V.  Remand

While Stainbrook seeks a remand for an award of benefits, the Commissioner seeks a remand for the ALJ to reevaluate the medical evidence, including Dr. Weimer's opinion, and Stainbrook's credibility.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F3d 1172, 1178 (9th Cir 2000), *cert. denied*, 531 US 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F3d 1135,

Page 11 – FINDINGS AND RECOMMENDATION

1138-39 (9th Cir 2011), quoting *Benecke v. Barnhart*, 379 F3d 587, 593 (9th Cir 2004).  The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act.  *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.  *Id.*  The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision.  *Connett v. Barnhart*, 340 F3d 871 876 (9th Cir 2003).  The reviewing court should decline to credit testimony when "outstanding issues" remain.  *Luna v. Astrue*, 623 F3d 1032, 1035 (9th Cir 2010).

As noted, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Weimer's opinion and for discrediting the testimony of both Stainbrook and Peacock.  If Dr. Weimer's opinion and the testimony of Stainbrook and Peacock are credited, no outstanding issues remain to be resolved before a determination of disability can be made.  Dr. Weimer opined that Stainbrook would be absent from work about four days per month.  Tr. 1396.  That opinion is bolstered by the testimony of Stainbrook and Peacock.  The VE testified that a person with Stainbrook's RFC who would also be absent two or more days a month would not be employable in the national economy.  Tr. 85.  On this record, it is clear that a finding of disability is appropriate.  Thus, a remand for further proceedings is unnecessary, and the Commissioner's decision should be reversed and remanded for immediate payment of benefits.

**RECOMMENDATION**

For the reasons discussed above, the Commissioner's decision that Stainbrook is not disabled should be REVERSED and REMANDED for immediate payment of benefits.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due by November 17, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 28th day of October, 2014.

                                                s/ Janice M. Stewart_____
                                                Janice M. Stewart
                                                United States Magistrate Judge